UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAN 2 7 2006

CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| PRL USA HOLDINGS, INC., a Delaware Corporation, § § § Plaintiff, § § v. § § MERCURY BEACH-MAID, INC., a New York Corporation, REGENT INTERNATIONAL CORPORATION, a New York Corporation CALICO INTERNATIONAL, a Texas and Corporation, TOM D'ANTONIO § § § § § § § § Defendants. § § § | CAUSE NO. 3:06-cv-175-G  PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AS TO DEFENDANT REGENT INTERNATIONAL CORPORATION |

Plaintiff PRL USA Holdings, Inc. ("Plaintiff"), having commenced this action for an injunction and other relief against, *inter alia*, defendant Regent International ("Settling Defendant") pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of Texas, for the reason that Settling Defendant is engaged in manufacturing, importing, exporting, distributing, offering for sale and/or selling, among other things, of

products that bear counterfeits and/or imitations of Plaintiff's trademarks as described and defined in the Plaintiff's complaint (collectively "Plaintiff's Trademarks"); and

Settling Defendant, having entered into a Settlement Agreement with Plaintiff and having stipulated to entry of a Permanent Injunction and Final Judgment; and

The parties, having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Settling Defendant, its agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

(a)  Using Plaintiff's Trademarks or any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademarks, in connection with the importation, exportation, manufacture, distribution, advertising, printing of labels, promotion, offer for sale and/or sale of products which are not genuine products of Plaintiff, or in any manner likely to cause others to believe Settling Defendant's products or another's products are connected with Plaintiff or Plaintiff's products unless they are so connected;

(b)  Passing off, inducing or enabling others to sell or pass off any products which are not Plaintiff's products as Plaintiff's products;

(c)  Committing any other acts that cause purchasers or prospective purchasers to believe Settling Defendant's or another's products are Plaintiff's products unless they are such;

(d)  Manufacturing, importing, exporting, shipping, delivering, distributing, advertising, printing labels, offering for sale, selling and/or otherwise moving or disposing of products falsely bearing one or more of Plaintiff's Trademarks or any reproduction, counterfeit, copy, or colorable imitation of same;

(e) Making any representations, orally or in writing, to any member or segment of the public or the business or financial community, that they is authorized, licensed or otherwise permitted by Plaintiff to manufacture, export, import, ship, deliver, print labels for, distribute, offer for sale and/or sell Plaintiff's products when it is not authorized, licensed or permitted by Plaintiff or by operation of law; and

(f) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(e); and

**IT IS FURTHER ORDERED,** that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce this Injunction and the Settlement Agreement between the parties, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either; and

IT IS FURTHER ORDERED, that Settling Defendant shall pay to Plaintiff the sum of money as set forth more fully in and pursuant to the Settlement Agreement.

**CONSENTED TO BY PRL USA HOLDINGS, INC. AND POLO RALPH LAUREN CORPORATION**

Dated: 1/24/06

By: _____
Katherine Compton
State Bar No. 04652100
600 Three Galleria Tower
13155 Noel Road
Dallas, Texas 75240
Tel: (972) 419-1250
Fax: (972) 419-1251

G. Roxanne Elings (Admitted *Pro Hac Vice*)
David Saenz (Admitted *Pro Hac Vice*)
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

**CONSENTED TO BY REGENT INTERNATIONAL CORPORATION**

Dated: 1/23/05

By: _____
Robert M. Isackson (admitted *Pro Hac Vice*)
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Tel: (212) 506-5000
Fax: (212) 506-5151

**SO ORDERED**

Dated: January 27, 2006

By: _____

UNITED STATES DISTRICT JUDGE